RYAN E. HATCH (SBN 235577)
LAW OFFICE OF RYAN E. HATCH, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Work: 310-279-5076
Mobile: 310-435-6374
Fax: 310-693-5328
ryan@ryanehatch.com

DAVID A. SKEELS (to be admitted *pro hac vice*)
ENRIQUE SANCHEZ, JR. (to be admitted *pro hac vice*)
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0573
Facsimile: (817) 878-0501
Email: dskeels@whitakerchalk.com

*Attorneys for Plaintiff*
*NORTH STAR INNOVATIONS INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH STAR INNOVATIONS INC., <br><br> Plaintiff, <br><br> vs. <br><br> KINGSTON TECHNOLOGY COMPANY, INC., <br><br> Defendant. | CASE NO. 8:17-cv-1833 <br><br> JURY TRIAL DEMANDED |

Plaintiff North Star Innovations Inc. ("Plaintiff" or "North Star"), by and through its attorneys, files this Original Complaint for Patent Infringement against Defendant Kingston Technology Company, Inc. ("Kingston"), and alleges as follows:

## PARTIES

1. Plaintiff North Star is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 600 Anton Blvd., Costa Mesa, California 92626. Plaintiff is the owner of seminal patents in the fields

1
ORIGINAL COMPLAINT

of integrated circuits, semiconductor memory architecture, and semiconductor memory devices, including patents that address volatile memory, such as DRAM and SRAM. Plaintiff's portfolio includes patents that teach valuable innovations and improvements related to speed, power consumption, density, reliability, and cost. Plaintiff is and has been actively engaged in licensing efforts with respect to such technologies.

2. Defendant Kingston is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 17600 Newhope Street, Fountain Valley, CA 92708. Defendant may be served with process by serving it registered agent for service of process, Calvin Leong, 17600 Newhope Street, Fountain Valley, CA 92708.

3. According to its website, "Kingston has grown to be the world's largest independent manufacturer of memory products." Kingston is a Forbes 50 company that has been around for more than thirty years and generated worldwide revenues in excess of $6.6B last year. With respect to third party suppliers of DRAM modules, Kingston commands nearly 65% of the worldwide market.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including §§ 271, 281, 282, 283, 284, and 285. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331, and 1338(a).

4. This Court has personal jurisdiction over Kingston. Upon information and belief, Defendant has regularly conducted and continues to conduct business in the U.S., in the State of California, and in this judicial district. On information and belief, Defendant has committed infringing activities in California and in this judicial district by making, using, offering for sale, and/or selling in the U.S. and/or importing

into the U.S. products and systems that infringe the Patents-In-Suit (as defined below) or by placing such infringing products and systems into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, or sold by others in this judicial district and/or purchased by consumers in this judicial district. This Court's exercise of personal jurisdiction over Defendant would comport with due process.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENTS-IN-SUIT

6. On August 24, 1999, U.S. Patent No. 5,943,274 ("the '274 Patent") – entitled "Method and Apparatus For Amplifying a Signal to Produce A Latched Digital Signal" – was lawfully and properly issued by the United States Patent and Trademark Office ("USPTO"), after a full and fair examination. The named inventors on the '274 Patent are Alan S. Roth and Scott G. Nogle, both of Austin, Texas. A true and correct copy of the '274 Patent is attached hereto as Exhibit A and incorporated by reference.

7. Generally speaking, the '274 Patent teaches, among other things, an improved circuit design for the output stage of a memory device, such as SDRAM, and an improved circuit design for a differential amplifier that provides a more reliable timing mechanism and thereby facilitates the use of a clock-free latch.

8. On October 3, 2000, U.S. Patent No. 6,127,875 ("the '875 Patent") – entitled "Complimentary Double Pumping Voltage Boost Converter" – was lawfully and properly issued by the USPTO, after a full and fair examination. The named inventors on the '875 Patent are Steven Peter Allen, Ahmad H. Atriss, Gerald Lee Walcott, and Walter C. Seelbach, all of Arizona. A true and correct copy of the '875 Patent is attached hereto as Exhibit B and incorporated by reference.

9. Generally speaking, the '875 Patent teaches, among other things, an efficient and compact voltage boosting circuit that boosts the available supply voltage and limits output distortion.

10. On July 12, 2005, U.S. Patent No. 6,917,555 ("the '555 Patent") – entitled "Integrated Circuit Power Management for Reducing Leakage Current in Circuit Arrays and Method Therefor" – was lawfully and properly issued by the USPTO, after a full and fair examination. The named inventors on the '555 Patent are Ryan D. Bedwell, Christopher K.Y. Chun, Qadeer A. Qureshi, and John J. Vaglica, all of Texas. A true and correct copy of the '555 Patent is attached hereto as Exhibit C and incorporated by reference.

11. Generally speaking, the '555 Patent teaches, among other things, a novel design for an integrated circuit with power management capabilities, where, in certain embodiments, multiple, independent power planes are used to eliminate or reduce leakage current.

12. On August 8, 2000, U.S. Patent No. 6,101,145 ("the '145 Patent") – entitled "Sensing Circuit and Method" – was lawfully and properly issued by the USPTO, after a full and fair examination. The named inventor on the '145 Patent James W. Nicholes of Gilbert, Arizona. A true and correct copy of the '145 Patent is attached hereto as Exhibit D and incorporated by reference.

13. Generally speaking, the '145 Patent teaches, among other things, a novel data sensing circuit that, in certain embodiments, utilizes a self-controlled sense amplifier and a clock-free latch to eliminate the need for external timing control signals and which, in certain embodiments, utilizes a novel feedback circuit to reduce the occurrence of invalid data transitions on the output data bus upon activation.

14. The '274 Patent, the '875 Patent, the '555 Patent, and the '145 Patent may be referred to individually as a "Patent-in-Suit" or collectively as the "Patents-in-Suit."

15. By way of assignment, Plaintiff is the owner of all right, title, and interest in and to the Patents-in-Suit, including the rights to prosecute this action and to collect and receive damages for all past, present, and future infringements.

## COUNT ONE: INFRINGEMENT OF THE '274 PATENT

16. Plaintiff incorporates the above allegations as if set forth here in full.

17. The '274 Patent is valid and enforceable.

18. Defendant does not have a license to practice the patented inventions of the '274 Patent.

19. Kingston has infringed and is currently infringing the '274 Patent by, among other things, making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States and/or importing into this judicial district and into the United States – without license or authority – products, devices, or systems falling within the scope of one or more claims of the '274 Patent, in violation of at least 35 U.S.C. § 271(a).

20. For example, Kingston's 4Gb DDR3L SDRAM memory product, Part No. D5128EETBPGGBU ("4Gb DDR3L") directly infringes at least Claim 1 of the '274 Patent. Similarly, all Kingston products in the DDR3 or DDR3L families (regardless of density) or a substantially similar variation thereof, including but not limited to the 8GB DDR3L SODIMM (Part#: KVR16LS11/8) and all other Kingston DDR3 or DDR3L families of products (collectively, the "Accused Product"), directly infringe at least Claim 1 of the '274 Patent.

21. More specifically, the Accused Product infringes at least that claim because it meets each and every limitation of that claim. For example, the Accused Product is a memory device that includes circuitry that is properly characterized as: "an apparatus for use as an output stage of a memory device, the apparatus

comprising:[1] a timing circuit; a differential amplifier responsive to the timing circuit; an impedance control circuit; a level converter responsive to the differential amplifier and the impedance control circuit; and a clock-free latch responsive to the level converter." Thus, the Accused Product (a memory device) satisfies all of the recited structural limitations such that the memory device includes an output stage that incorporates an improved circuit design for a differential amplifier, which provides a more reliable timing mechanism and thereby facilitates the use of a clock-free latch. The Accused Product not only has the capability of infringing but, in fact, necessarily infringes by virtue of satisfying all of the recited limitations, and it necessarily operates in a way that utilizes a more reliable timing mechanism and thereby facilitates the use of a clock-free latch.

22. Reverse-engineered schematics of the Accused Product show an apparatus for use as an output stage of a memory device. For example:



---

[1] Plaintiff does not hereby suggest or concede that the preamble of this or any other asserted claim of any Patent-in-Suit constitutes a substantive limitation. That issue is expressly reserved for the claim construction stage.

23. The reverse-engineered schematics of the Accused Product also show a clock-free latch. For example:



24. On information and belief, additional products of Kingston are believed to infringe one or more claims of the '274 Patent, because, for example, they include components, such as memory devices and/or controllers, that include the same or substantially the same circuitry. Plaintiff expressly reserves the right to assert additional patents and additional claims and to identify additional infringing products, in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and the Court's local rules.

25. Plaintiff has been damaged by Kingston's infringing conduct and will continue to be damaged unless Kingston is enjoined from further infringement. Accordingly, upon finding for Plaintiff, the Court should award to Plaintiff damages adequate to compensate for the infringement, in an amount to be determined at trial but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court. Further, upon judgment in favor of Plaintiff, the Court should permanently enjoin Defendant from committing the infringing acts.

26. These factual assertions are made to satisfy the pleadings standards of Fed. R. Civ. P. 8(a), as applied and interpreted by *Twombly*, *Iqbal*, and their progeny, which does not require the level of detail provided here. In accordance with Fed. R. Civ. P. 11, Plaintiff states, without waiving any applicable privileges or protections,

that such assertions are based upon Plaintiff's pre-suit investigation and due diligence, in reliance on publicly available information, documents, and products and analysis derived therefrom. Plaintiff will provide infringement contentions in accordance with this Court's local rules and will supplement those contentions when Defendant provides the technical documentation required by the Court's local patent rules and as may be requested or subpoenaed in discovery requests made pursuant to the Federal Rules of Civil Procedure.

## COUNT TWO: INFRINGEMENT OF THE '875 PATENT

27. Plaintiff incorporates the above allegations as if set forth here in full.

28. The '875 Patent is valid and enforceable.

29. Defendant does not have a license to practice the patented inventions of the '875 Patent.

30. Defendant has infringed and is currently infringing the '875 Patent by, among other things, making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States and/or importing into this judicial district and into the United States – without license or authority – products, devices, and/or systems falling within the scope of one or more claims of the '875 Patent, in violation of at least 35 U.S.C. § 271(a). For example, the Accused Product directly infringes at least Claim 1 of the '875 Patent.

31. More specifically, the Accused Product infringes at least Claim 1 because it meets each and every limitation of Claim 1. For example, the Accused Product includes, among other things, a boost circuit that includes "a first switch coupled between the input terminal and the output terminal and operated by a first phase signal; a second switch coupled between the input terminal and the output terminal and operated by a second phase signal that is opposite to the first phase signal; a first capacitor having a first terminal coupled to the output terminal and a

1 second terminal coupled for receiving a boost signal; and a second capacitor having
2 a first terminal coupled to the output terminal and a second terminal coupled for
3 receiving the boost signal." Thus, the Accused Product includes an efficient and
4 compact voltage boosting circuit that boosts the available supply voltage and limits
5 output distortion. The Accused Product not only has the capability of infringing but,
6 in fact, necessarily infringes by virtue of satisfying all of the recited limitations and
7 necessarily operates in a way that utilizes a boosting circuit to boost the available
8 supply voltage and to limit output distortion.

9     32.    Reverse-engineered schematics of the Accused Product show a boost
10 circuit. For example:



22     33.    On information and belief, additional, similar models of Kingston's
23 memory products are believed to infringe one or more claims of the '875 Patent.
24 Plaintiff expressly reserves the right to assert additional claims and to identify
25 additional infringing products in accordance with the Federal Rules of Civil
26 Procedure, the Court's scheduling order, and the Court's local rules.

ORIGINAL COMPLAINT

34. Plaintiff has been damaged by Defendant's infringing conduct and will continue to be damaged unless Defendant is enjoined from further infringement. Accordingly, upon finding for Plaintiff, the Court should award to Plaintiff damages adequate to compensate for the infringement, in an amount to be determined at trial but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court. Further, upon judgment in favor of Plaintiff, the Court should permanently enjoin Defendant from committing the infringing acts.

35. These factual assertions are made to satisfy the pleadings standards of Fed. R. Civ. P. 8(a), as applied and interpreted by *Twombly*, *Iqbal*, and their progeny, which does not require the level of detail provided here. In accordance with Fed. R. Civ. P. 11, Plaintiff states, without waiving any applicable privileges or protections, that such assertions are based upon Plaintiff's pre-suit investigation and due diligence, in reliance on publicly available information, documents, and products and analysis derived therefrom. Plaintiff will provide infringement contentions in accordance with this Court's local rules and will supplement those contentions when Defendant provides the technical documentation required by the Court's local patent rules and as may be requested or subpoenaed in discovery requests made pursuant to the Federal Rules of Civil Procedure.

## COUNT THREE: INFRINGEMENT OF THE '555 PATENT

36. Plaintiff incorporates the above allegations as if set forth here in full.

37. The '555 Patent is valid and enforceable.

38. Defendant does not have a license to practice the patented inventions of the '555 Patent.

39. Defendant has infringed and is currently infringing the '555 Patent by, among other things, making, using, offering for sale, and/or selling within this judicial

district and elsewhere in the United States and/or importing into this judicial district and into the United States – without license or authority – products, devices, and/or systems falling within the scope of one or more claims of the '555 Patent, in violation of at least 35 U.S.C. § 271(a). For example, the Accused Product directly infringes at least Claim 15 of the '555 Patent.

40. More specifically, the Accused Product infringes at least Claim 15 because it meets each and every limitation of Claim 15. For example, the above-referenced accused product is: "An integrated circuit having power management comprising: processing circuitry for executing instructions; a plurality of memory bit cells contained within a memory array, the plurality of memory bit cells being coupled to a power supply terminal for creating a first power plane; memory array peripheral circuitry that is peripheral to the plurality of memory bit cells, the memory array peripheral circuitry being selectively coupled to the power supply terminal for creating a second power plane that is independent of the first power plane; and control circuitry coupled to the memory array peripheral circuitry that is peripheral to the plurality of memory bit cells, the control circuitry selectively removing electrical connectivity to the power supply terminal of the memory array peripheral circuitry that is peripheral to the plurality of memory bit cells." Thus, the Accused Product includes power management capabilities whereby multiple, independent power planes are used to eliminate or reduce leakage current. The Accused Product not only has the capability of infringing but, in fact, necessarily infringes by virtue of satisfying all of the recited limitations and necessarily operates in a way that utilizes multiple, independent power planes to eliminate or reduce leakage current.

41. Standard-related documents to which the Accused Product conforms show power management for an integrated circuit. For example:

Source: JEDEC Standard DDR3 SDRAM, No. 79-3C November 2008 – P.82



42. The reverse-engineered schematics of the Accused Product also show control circuitry that can selectively remove electrical connectivity to the power supply terminal. For example:

43. On information and belief, additional, similar models of Kingston's memory products are believed to infringe one or more claims of the '555 Patent. Plaintiff expressly reserves the right to assert additional claims and to identify additional infringing products in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and the Court's local rules.

44. Plaintiff has been damaged by Defendant's infringing conduct and will continue to be damaged unless Defendant is enjoined from further infringement. Accordingly, upon finding for Plaintiff, the Court should award to Plaintiff damages adequate to compensate for the infringement, in an amount to be determined at trial but in no event less than a reasonable royalty for the use made of tinvention by the

infringer, together with interest and costs as fixed by the Court. Further, upon judgment in favor of Plaintiff, the Court should permanently enjoin Defendant from committing the infringing acts.

45. These factual assertions are made to satisfy the pleadings standards of Fed. R. Civ. P. 8(a), as applied and interpreted by *Twombly*, *Iqbal*, and their progeny, which does not require the level of detail provided here. In accordance with Fed. R. Civ. P. 11, Plaintiff states, without waiving any applicable privileges or protections, that such assertions are based upon Plaintiff's pre-suit investigation and due diligence, in reliance on publicly available information, documents, and products and analysis derived therefrom. Plaintiff will provide infringement contentions in accordance with this Court's local rules and will supplement those contentions when Defendant provides the technical documentation required by the Court's local patent rules and as may be requested or subpoenaed in discovery requests made pursuant to the Federal Rules of Civil Procedure.

## COUNT FOUR: INFRINGEMENT OF THE '145 PATENT

46. Plaintiff incorporates the above allegations as if set forth here in full.

47. The '145 Patent is valid and enforceable.

48. Defendant does not have a license to practice the patented inventions of the '145 Patent.

49. Defendant has infringed and is currently infringing the '145 Patent by, among other things, making, using, offering for sale, and/or selling within this judicial district and elsewhere in the United States and/or importing into this judicial district and into the United States – without license or authority – products, devices, and/or systems falling within the scope of one or more claims of the '145 Patent, in violation of at least 35 U.S.C. § 271(a). For example, the Accused Product directly infringes at least Claims 1 and 6 of the '145 Patent.

50. More specifically, the Accused Product infringes at least Claims 1 and 6 because it meets each and every limitation of those claims. For example, with reference to Claim 1, the Accused Product includes: "A sensing circuit for sensing data from a memory array and providing the sensed data to an output data bus, the circuit comprising: a sense amplifier coupled to the memory array; a data storage device coupled between the sense amplifier and the output data bus; and a data feedback circuit having an input terminal coupled to the output data bus and an output terminal coupled to the data storage device." Thus, the Accused Product includes a data sensing circuit that utilizes (a) a self-controlled sense amplifier and a clock-free latch to eliminate the need for external timing control signals and (b) a feedback circuit to reduce the occurrence of invalid data transitions on the output data bus upon activation. The Accused Product not only has the capability of infringing but, in fact, necessarily infringes by virtue of satisfying all of the recited limitations and necessarily operates in a way that utilizes (a) a self-controlled sense amplifier and a clock-free latch to eliminate the need for external timing control signals and (b) a feedback circuit to reduce the occurrence of invalid data transitions on the output data bus upon activation.

51. Reverse-engineered schematics of the Accused Product show a sensing circuit for sensing data from a memory array. For example:



52. On information and belief, additional, similar models of Kingston's memory products are believed to infringe one or more claims of the '145 Patent. Plaintiff expressly reserves the right to assert additional claims and to identify additional infringing products in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and the Court's local rules.

53. Plaintiff has been damaged by Defendant's infringing conduct and will continue to be damaged unless Defendant is enjoined from further infringement. Accordingly, upon finding for Plaintiff, the Court should award to Plaintiff damages adequate to compensate for the infringement, in an amount to be determined at trial but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court. Further, upon judgment in favor of Plaintiff, the Court should permanently enjoin Defendant from committing the infringing acts.

## DEMAND FOR JURY TRIAL

54. Plaintiff hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for entry of judgment as follows:

1. That Defendant has directly infringed one or more claims of each of the Patents-In-Suit;

2. That Defendant be ordered to provide an accounting;

3. That Plaintiff is entitled to, and should recover, all damages to which Plaintiff is entitled under 35 U.S.C. § 284, but in no event less than a reasonable royalty;

4. That Plaintiff, as the prevailing party, shall recover from Defendant all taxable costs of court;

5. That Plaintiff shall recover from Defendant all pre- and post-judgment interest on the damages award, calculated at the highest interest rates allowed by law;

6. That Plaintiff is entitled to enhanced damages of up to three times the amount found by the jury or ordered by the Court, pursuant to 35 U.S.C. § 284;

7. That this case is exceptional and that Plaintiff shall therefore recover its attorney's fees and other recoverable expenses, under 35 U.S.C. § 285;

8. That Defendant is permanently enjoined from further infringement of the Patents-in-Suit; and

9. That Plaintiff shall recover from Defendant such other and further relief as the Court may deem appropriate.

Dated: October 19, 2017  /s/ Ryan E. Hatch

RYAN E. HATCH (SBN 235577)
Law Office of Ryan E. Hatch, PC
13323 W. Washington Blvd., Suite 100
Los Angeles, CA 90066
Telephone: (310) 279-5076
Facsimile: (310) 693-5328
Email: ryan@ryanehatch.com

DAVID A. SKEELS (to be admitted *pro hac vice*)
ENRIQUE SANCHEZ, JR. (to be admitted *pro hac vice*)
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0573
Facsimile: (817) 878-0501
Email: dskeels@whitakerchalk.com
Email: rsanchez@whitakerchalk.com

*Attorneys for Plaintiff*
*NORTH STAR INNOVATIONS INC.*