UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Denise Vo | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Findings and Recommendations re: Defendant's Motion to Dismiss (Dkt. 20)

In this patent infringement action, Defendant Kingston Technology Company, Inc. ("Defendant") moves to dismiss the Complaint filed by Plaintiff North Star Innovations Inc. ("Plaintiff"). See Dkt. 20 ("Motion"). The Motion was referred to this Court for resolution. See Dkt. 31. For the following reasons, the Motion is GRANTED and the Complaint is DISMISSED with leave to amend.

## 1.0   Background

Defendant manufactures and sells memory products. See Dkt. 7 ("Complaint") ¶ 7. Defendant's products include memory products such as the 4 Gb DDR3L SDRAM, Part No. D5128EETBPGGBU ("4 Gb DDR3L") and the 8 Gb DDR3L SODIMM, Part No. KVR16LS11/8 ("8 Gb DDR3L"). Id. ¶ 20. Plaintiff alleges that the 4 Gb DDR3L and 8 Gb DDR3L directly infringe its U.S. Patent No. 5,943,274 ("the '274 Patent"); U.S. Patent No. 6,127,875 ("the '875 Patent"); U.S. Patent No. 6,917,555 ("the '555 Patent"); and U.S. Patent No. 6,101,145 ("the '145 Patent") (collectively, the "Asserted Patents"). Id. ¶¶ 21, 31, 40, 50. Specifically, Plaintiff alleges that Defendant's DDR3 and DDR3L product lines, including 4 Gb DDR3L and 8 Gb DDR3L, (collectively, "Accused Products") meet each and every limitation of: (1) Claim 1 of the '274 Patent, id. ¶ 20; (2) Claim 1 of the '875 Patent, id. ¶ 30; (3) Claim 15 of the '555 Patent, id. ¶ 39; and (4) Claims 1 and 6 of the '145 Patent, id. ¶ 49.

## 2.0   Legal Standard

The Court applies the analysis of Twombly/Iqbal to claims of direct infringement. See Atlas IP, LLC v. Pac. Gas & Elec. Co., No. 15-5469, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016). A claim of direct infringement need not plead detailed factual allegations, but the complaint must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

contain enough facts to establish a plausible entitlement to relief that is more than merely speculative. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept all of the complaint's well-pleaded facts as true, disregarding any legal conclusions. See Apollo Fin., LLC v. Cisco Sys., Inc., 190 F. Supp. 3d 939, 942 (C.D. Cal. 2016). The Court then determines whether the facts alleged state a plausible claim for relief. See TeleSign Corp. v. Twillo, Inc., No. 16-2106, 2016 WL 4703873, at *2 (C.D. Cal. Aug. 3, 2016).

To adequately allege direct infringement, a plaintiff must allege facts sufficient to permit the Court to infer that the accused product infringes each element of at least one claim. See e.Digital Corp. v. iBaby Labs, Inc., No. 15-5790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("Several courts applying the Twombly pleading standard to claims of direct patent infringement . . . have required plaintiffs to plausibly allege that the accused produce practices each of the limitations found in at least one asserted claim."); FootBalance System Inc. v. Zero Gravity Inside, Inc., No. 15-1058, 2016 WL 903681, at *2 (S.D. Cal. Feb. 8, 2016) (noting that Rule 8 "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements of a cause of action's elements" (citation omitted)); see also TeleSign, 2016 WL 4703873 at *3.

**3.0   Discussion**

Defendant argues that Plaintiff fails to plead its claims with the degree of specificity required under Twombly and Iqbal. See Motion at 7. Defendant also argues that Plaintiff fails to plausibly allege what products infringe on the Asserted Patents. See id. at 17.

### 3.1   Plaintiff Sufficiently Identifies the Accused Products

The Accused Products are 4 Gb DDR3L, 8 Gb DDR3L, and all other Kingston DDR3 or DDR3L product lines. See Complaint ¶ 20. Defendant counters that the broad range of products accused of infringement—all DDR3 and DDR3L families of products—"does not relate any claim limitations to any actual Kingston product, and does not even identify to which product the illegible images included in the Complaint purportedly relate." Motion at 16-17. Thus, Defendant argues, Plaintiff does not plausibly plead what products allegedly infringe the Asserted Patents. See id.

Courts have generally found that where a plaintiff has identified particular product lines, a defendant has been adequately put on notice of the specific products alleged to infringe. See, e.g., Avocet Sports Tech., Inc. v. Garmin Int'l, Inc., No. 11-04049, 2012 WL 1030031, at *2 (N.D. Cal. Mar. 22, 2012) (dismissing direct infringement claim where plaintiff failed to identify any "particular products, product lines, or product components that allegedly infringed" on the asserted patent); Bender v. Broadcom Corp, No. 09-1147, 2009 WL 3571286, at *4 (N.D. Cal. Oct. 30, 2009) ("[T]here is nothing inherently implausible about an allegation that a large number of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

defendant's various product lines infringe the patent when those product lines may be expected to have certain basic components . . . in common and the patent claims technology related to those components.").

Here, Plaintiff identifies two lines of products—DDR3 and DDR3L families—with two specific examples of such products—4 Gb DDR3L and 8 Gb DDR3L. While Plaintiff does not explain how many products are in each of these families, the product lines identify the allegedly infringing products with sufficient specificity. Defendant should be able to discern the specific products within each of its own product lines such that it has been adequately put on notice on the allegedly infringing products.

    3.2    <u>Plaintiff's Direct Infringement Claims Do Not Meet the Pleading Standard</u>

Defendant contends that Plaintiff has not satisfied the plausibility standard articulated in <u>Twombly</u> and <u>Iqbal</u> because Plaintiff simply parrots the claim language for each element and includes unidentified images without any explanation of their meaning. <u>See</u> Motion at 9. Thus, Defendant claims, Plaintiff fails to allege any facts that would allow Defendant and the Court to plausibly infer that each claim limitation is met. <u>See</u> <u>id.</u> at 9-10.

    3.2.1    The '274 Patent

Claim 1 of the '274 Patent claims: "An apparatus for use as an output stage of a memory device, the apparatus comprising: a timing circuit; a differential amplifier responsive to the timing circuit; an impedance control circuit; a level converter responsive to the differential amplifier and the impedance control circuit; and a clock-free latch responsive to the level converter." Dkt. 7-1 at 7-8. Plaintiff claims that the Accused Products infringe that claim by meeting each and every limitation of that claim because "the Accused Product (a memory device) satisfies all of the recited structural limitations such that a memory device includes an output stage that incorporates an improved circuit design for a differential amplifier, which provides a more reliable timing mechanism and thereby facilitates the use of a clock-free latch." Complaint ¶ 21.

But these allegations consist of nothing more than a recitation of the claim elements. The Complaint does not explain through language, diagrams, product documentation, or any other method "what the accused product contains to meet these claim limitations . . . and that helps the Court understand why it is plausible that this is so. . . . There needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim—not just the patentee asserting, in a conclusory fashion, that it is so." <u>North Star Innovations, Inc. v. Micron Technology, Inc.</u>, No. 17-506, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017). In cases "involv[ing] a simple technology," a claim that "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim of Plaintiff's patent" may suffice. <u>Disc Disease Solutions Inc. v. VGH Solutions, Inc.</u>, No. 2017-1483, 2018 WL 2011468, at *3 (Fed. Cir. May 1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

2018). However, apparatus claims "implicating more complicated technology" must be pleaded with greater specificity than more "straightforward apparatus claims . . . [for which] simply setting out what the patent claims require and then reproducing a picture of the accused product" may suffice. Id. at *3.

The Complaint does allege that reverse-engineered schematics show that the Accused Products meet some limitations of claim 1 of the '274 patent. See Complaint ¶¶ 22, 23. But because the failure to meet any one limitation of claim 1 is sufficient to negate infringement, Plaintiff must allege that each limitation of claim 1 is met in order to establish a plausible claim for relief. See Atlas IP, LLC v. Exelon Corp., No. 15-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016). The Complaint therefore fails to plead direct infringement with the requisite specificity.

### 3.2.2   The '875 Patent

Claim 1 of Patent '875 claims "[a] boost circuit having an input terminal and an output terminal, comprising: a first switch coupled between the input terminal and the output terminal and operated by a first phase signal; a second switch coupled between the input terminal and the output terminal and operated by a second phase signal that is opposite to the first phase signal; a first capacitor having a first terminal coupled to the output terminal and a second terminal coupled for receiving a boost signal; and a second capacitor having a first terminal coupled to the output terminal and a second terminal coupled for receiving the boost signal." Dkt. 7-2 at 7. Plaintiff alleges that the Accused Products include a boost circuit that meets the above limitations by parroting Claim 1's language. Complaint ¶ 31. While Plaintiff includes "[r]everse-engineered schematics of the Accused Product" that allegedly "show[s] a boost circuit," Plaintiff does not indicate how the Accused Products meet the remaining limitations of Claim 1.

### 3.2.3   The '555 Patent

Plaintiff also fails to plausibly allege direct infringement of Claim 15 of Patent '555, which claims: "An integrated circuit having power management comprising: processing circuitry for executing instructions; a plurality of memory bit cells contained within a memory array, the plurality of memory bit cells being coupled to a power supply terminal for creating a first power plane; memory array peripheral circuitry that is peripheral to the plurality of memory bit cells, the memory array peripheral circuitry being selectively coupled to the power supply terminal for creating a second power plane that is independent of the first power plane; and control circuitry coupled to the memory array peripheral circuitry that is peripheral to the plurality of memory bit cells, the control circuitry selectively removing electrical connectivity to the power supply terminal of the memory array peripheral circuitry that is peripheral to the plurality of memory bit cells." Dkt. 7-3 at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

Plaintiff claims that the Accused Products infringe Claim 15 because they "include[] power management capabilities whereby multiple, independent power planes are used to eliminate or reduce leakage current." Complaint ¶ 40. Yet mirroring the exact language of Claim 15 does not explain which of the Accused Products infringe and how specifically they do so. And while Plaintiff includes a diagram showing the global standards for DDR3 SDRAM products as of 2008, Plaintiff does not allege which of the Accused Products conform to the global standards or how the global standard infringes on Claim 15 simply because it includes power management for an integrated circuit. This meets only the requirements of Claim 15's preamble but does not explain whether any limitations are met. See Dkt. 7-3 at 11.

### 3.2.4   The '145 Patent

Finally, Plaintiff fails to plausibly allege that the Accused Products directly infringe Claims 1 and 6 of the '145 Patent. Claim 1 of the '145 Patent claims: "A sensing circuit for sensing data from a memory array and providing the sensed data to an output data bus, the circuit comprising: a sense amplifier coupled to the memory array; a data storage device coupled between the sense amplifier and the output data bus; and a data feedback circuit having an input terminal coupled to the output data bus and an output terminal coupled to the data storage device." Dkt. 7-4 at 10. Claim 6 states that the circuit is "further comprising an inverter coupled between the data storage device and the input terminal of the output buffer." Id.

However, Plaintiff's allegation that the Accused Products include "a data sensing circuit that utiliz[es] (a) a self-controlled amplifier and clock-free latch to eliminate the need for external timing control signals and (b) a feedback circuit to reduce the occurrence of invalid data transitions on the output data bus upon activation" simply parrots back the limitations of Claim 1. Complaint ¶ 50. The Complaint also fails to address Claim 6 in any capacity. Similarly, the reverse-engineered diagram of the Accused Products does not explain which of the Accused Products was analyzed and how the it meets any of the limitations. Indeed, Plaintiff explains only that the diagram shows "a sensing circuit for sensing data from a memory array," which satisfies only the preamble rather than the limitations. Complaint ¶ 51.

### 3.2.5   Conclusion

In its Opposition, Plaintiff contends that "the Motion relies on a non-existent 'mapping' standard." Opposition at 1. This Court agrees that there is no specific mapping standard or requirement. Nonetheless, for the most part, Plaintiff fails to provide any factual allegations that are not direct recitations of each claim's limitations. The Court thus concludes that the Complaint fails to state a claim for direct infringement of the Asserted Patents by the Accused Products.

### 3.3   Whether Plaintiff May Reserve the Right to Accuse Additional Products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

Plaintiff "expressly reserves the right to assert additional patents and additional claims and to identify additional infringing products, in accordance with the Federal Rules of Civil Procedure, the Court's scheduling order, and the Court's local rules." Complaint ¶ 24. Defendant claims that no facts support the inference that any additional Kingston products are materially similar to the DDR3 and DDR3L families or that they infringe on the Asserted Patents. See id. at 17-18. Thus, it argues, Plaintiff cannot reserve this right. See id.

Under the Federal Rules of Civil Procedure, a party may amend its pleading "only with the opposing party's written consent or the court's leave" except in the limited circumstance where a party may amend its pleading as of right. F.R.C.P. 15(a)(1). Courts generally treat motions to amend to add additional patent claims as Rule 15(d) motions. See, e.g., Aten Intern. Co., Ltd. V. Emine Tech. Co., Ltd., No. 09-843, 2010 WL 1462110, at *3-5 (C.D. Cal. Apr. 12, 2010); Masimo Corp. v. Philips Electronics North Am. Corp., No. 09-80, 2010 WL 1609899, at *2-3 (D. Del. Apr. 20, 2010). Under both Rule 15(a) and 15(d), leave to amend to add patents should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Aten, 2010 WL 1462110, at *3 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff is thus free to move for leave to supplement or amend its Complaint should additional patent claims arise. However, the Court cannot predict whether any such motion would be granted at this juncture. When ruling on any such motion, the Court will consider whether the above reasons apply. The decision of whether additional patents or claims may be added is not solely at Plaintiff's discretion.

### 3.4 Whether the Motion Is Dismissed With or Without Leave to Amend

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight System, Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Although the Court grants the Motion for failing to state a claim of direct infringement, the Complaint is dismissed with leave to amend. While Plaintiff fails to state a plausible claim for relief, "it is possible that the flaws in the complaint can be cured by the allegation of other facts that support its claims of patent infringement, such as facts identifying the specific infringing product and how such product infringes the [Accused Patents]." Big Baboon, Inc. v. SAP America, Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-01833-DOC (DFMx) | Date | May 7, 2018 |
|---|---|---|---|
| Title | North Star Innovations Inc. v. Kingston Technology Company, Inc. | | |

No. 17-2082, 2018 WL 1400443, at *3-*4 (N.D. Cal. Mar. 20, 2018) (dismissing infringement claims with leave to amend where patentee's simple notice pleading failed to meet the Twombly and Iqbal standards). Should Plaintiff draft a First Amended Complaint, Plaintiff should take care to describe the features and components of the Accused Products with a level of detail sufficient to plausibly demonstrate how each limitation is practiced by Defendant's products.

**4.0     Conclusion**

    For the reasons stated above, the Court GRANTS the motion to dismiss and DISMISSES Plaintiff's Complaint with leave to amend. The parties shall file any objections to this Order within 14 days. See Fed. R. Civ. P. 72(b)(2).

|  | : |
|---|---|
| Initials of Clerk | dv |