RYAN E. HATCH (SBN 235577)
Law Office of Ryan E. Hatch, PC
13323 W. Washington Blvd., Suite 100
Los Angeles, CA 90066
Email: ryan@ryanehatch.com

DAVID A. SKEELS (admitted *pro hac vice*)
ENRIQUE SANCHEZ, JR. (admitted *pro hac vice*)
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0573
Facsimile: (817) 878-0501
Email: dskeels@whitakerchalk.com
Email: rsanchez@whitakerchalk.com

Attorneys for Plaintiff
NORTH STAR INNOVATIONS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTH STAR INNOVATIONS INC., <br><br> Plaintiff, <br><br> vs. <br><br> KINGSTON TECHNOLOGY COMPANY, INC., <br><br> Defendant. | CASE NO. 8:17-cv-01833-DOC-DFM <br><br> PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MCCORMICK |

Plaintiff hereby objects to the May 7, 2018, Findings and Recommendation of The Honorable Douglas F. McCormick ("Recommendation") (Dkt. 38).

Plaintiff objects for the reasons set forth in its January 13, 2018, Opposition to Kingston's Motion to Dismiss Complaint (Dkt. 24) and for the additional reasons set forth in its Notice of Supplemental Authority (Dkt. 37), both of which are incorporated here by reference. Further, pursuant to Federal Rule of Civil Procedure 72(b)(2), Plaintiff specifically objects to Section 3.2 of the Recommendation – for the reasons set forth below.

First, Plaintiff specifically objects to the Recommendation's interpretation and application of Federal Rule of Civil Procedure 8 and case law interpreting same, including *Twombly*, *Iqbal*, and their progeny. The recommendation cites to various cases in support –which were distinguished in Plaintiff's Opposition. *See, e.g.*, Opposition (Dkt. 24) at 9-10 and 17-20. Further, Plaintiff's Opposition cites authority that supports denial of the Motion. *See, e.g.*, Opposition (Dkt. 24) at 6-8 and 13-14. Plaintiff further objects to the interpretation of the recent Federal Circuit case *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, No. 2017-1483, 2018 WL 2011468, at *3 (Fed. Cir. May 1,2018). The Recommendation states that the standard set forth in *Disc Disease* – which is that a complaint suffices when it specifically identifies accused products by name, attaches photos of the product packaging as exhibits, and alleges that the accused products meet "each and every element of at least one claim" of the asserted patents – applies only in cases

involving so-called "simple technology." While *Disc Disease* did involve "simple technology," Plaintiff believes that the same standard should apply in the instant case, where the Complaint likewise gives fair notice of infringement. Moreover, Plaintiff respectfully submits that having different tests for "simple" and "complex" technology would lead to confusion, as there is no reliable way for Courts to differentiate patent claims in this manner.

Second, Plaintiff specifically objects to the suggestion that Plaintiff has not alleged "facts." Plaintiff respectfully disagrees. The Complaint is replete with factual allegations. Yet, Defendant seeks a level of detail that is simply not required by the Rules. *See generally* Plaintiff's Opposition (Dkt. 24).

Third, Plaintiff specifically objects to the Recommendation's proposal, because it would effectively force plaintiffs to serve their infringement contentions with their Original Complaint – a scenario NOT contemplated by the liberal "notice pleading" requirements of the rules. Further, such a rule would – in many instances, including this instance – force a plaintiff to disclose highly confidential, non-discoverable work product, such as the results of reverse-engineering efforts conducted by consulting experts. This cannot stand.[1]

---

[1] These reasons were more fully described and explained during oral argument. Those arguments are incorporated here by reference.

2

Finally, for an additional reason related to the third reason stated immediately above, the Court should reject the Recommendation and deny the Motion in light of recent events (or, non-events, as the case may be). In that regard, a brief summary of relevant procedural history is appropriate here.

Plaintiff filed its Original Complaint on October 19, 2017 (Dkt. 1) and filed a corrected version, to correct a non-substantive formatting error, on October 20, 2017 (Dkt. 7). On December 15, 2017, Kingston filed its Motion to Dismiss Plaintiff's Complaint ("Motion"). Dkt. 20. On January 10, 2018, this Court issued its Order Setting Scheduling Conference. Dkt. 23. The Court stated, in relevant part: "[T]he Court encourages the parties to begin discovery before the Scheduling Conference. The parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery." Pursuant to that directive, Plaintiff followed the Court's instructions and served extensive written discovery in advance of the Scheduling Conference. Fact discovery closes in approximately 7.5 months. *See* Dkt. 35. Despite the broad latitude provided by the Court – which allowed both parties to initiate discovery early in the process – Defendant has thus far chosen to ignore the Court's instructions and has not served any written discovery at all. For example, Defendant could have served one or more interrogatories seeking to

identify the products to be accused or seeking to identify Plaintiff's infringement positions. Such interrogatories would have rendered moot the current dispute – whereby Defendant claims it does not have "fair notice" of Plaintiff's claims. Defendant has not done so, and its dilatory conduct should not now be rewarded.

In the alternative, if the Court is inclined to adopt the Recommendation, then Plaintiff respectfully requests that the Court grant Plaintiff leave to amend – as suggested by the Recommendation.

Dated:  May 21, 2018            Respectfully submitted,

*/s/ Ryan E. Hatch*
Ryan E Hatch (SBN 235577)
Law Office of Ryan E. Hatch, PC
13323 W. Washington Blvd., Suite 100
Los Angeles, CA  90066
Email: ryan@ryanehatch.com

*/s/ David A. Skeels*
David A. Skeels (Texas Bar No.  24041925)
Enrique Sanchez, Jr. (Texas Bar No. 24068961)
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Tel:  817-878-0500
Fax:  817-878-0501
dskeels@whitakerchalk.com
rsanchez@whitakerchalk.com
Admitted Pro Hac Vice
Attorneys for Plaintiff
NORTH STAR INNOVATIONS INC.

4